IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARL A. MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV246 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. It appears Petitioner has made three claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

CLAIM ONE: Petitioner was deprived of his Constitutional rights to be free from unreasonable seizure and arrest and due process because (a) he was seized and arrested for a misdemeanor offense without probable cause or a warrant as a pretext to investigate other crimes and (b) he was coerced into giving statements and evidence of other crimes immediately following the seizure and arrest.

CLAIM TWO: Regarding Counts I through III, Petitioner was denied his Constitutional right to due process because the sentencing judge failed to find, as

                    required by Nebraska law, that the alleged victims suffered serious injury.

CLAIM THREE:   Petitioner was denied his Constitutional right to due process because he was incompetent to stand trial or participate in sentencing.[1]

Liberally construed, the court preliminarily decides that Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

**IT IS THEREFORE ORDERED** that:

1.     Upon initial review of the Petition (Filing No. 1), the court preliminarily determines that Petitioner's claims are potentially cognizable in federal court.

2.     By **October 11, 2016,** Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is

---

[1] Petitioner claims to be presently incompetent yet his petition is as (or more) coherent as many pro se habeas petitions. There is nothing in the Petitioner's petition that would suggest that he is incapable of proceeding with this action. I note that Petitioner's hand written petition argues that "these claims are before the AEDPA . . . in 1996 . . . ." (Filing no. 1 at CM/ECF p. 13.) That sophisticated argument alone shows Petitioner's competence to proceed with this action. The fact, if it is one, that he may suffer from anxiety and depression or was found to be a mentally disordered sex offender under Nebraska law is insufficient to establish that he is now incompetent. The Respondent may wish to address this issue and the related issue of whether Petitioner's alleged mental incompetence is sufficient to excuse his exceedingly tardy petition (his conviction was affirmed by the Nebraska Supreme Court in 1989).

directed to set a pro se case management deadline in this case using the following text: **October 11, 2016:** deadline for Respondent to file state court records in support of answer or motion for summary judgment.

    3.    If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **October 11, 2016,** Respondent must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and

whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 9, 2016**: check for Respondent's answer and separate brief.

5

5.  No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 25th day of August, 2016.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge